UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA MCLAUGHLIN, MD PA,

    Plaintiff,

v.                                                                            Case No. 8:25-cv-2797-TPB-CPT

SUNSHINE STATE
HEALTH PLAN, INC., et al.,

    Defendants.
_____/

**ORDER DENYING IN PART AND DEFERRING IN PART
PLAINTIFF'S "MOTION FOR AN EMERGENCY TEMPORARY
RESTRAINING ORDER AND/OR TEMPORARY INJUNCTION"**

This matter is before the Court on Plaintiff Diana McLaughlin, M.D., P.A.'s "Motion for an Emergency Temporary Restraining Order and/or Temporary Injunction," filed on October 12, 2025. (Doc. 2). After reviewing the motion, court file, and the record, the Court finds as follows:

The 99-page, 464 paragraph verified complaint is unnecessarily long and somewhat confusing.[1] In sum, Plaintiff alleges it is a professional association providing pediatric services in Collier County, Florida. Plaintiff alleges that Defendants Sunshine State Health Plan, Inc., and Dwanna G. Hill (identified as a "senior provider engagement manager") illegally terminated Dr. McLaughlin's

---

[1] Plaintiff is encouraged to review Rule 8(a) of the Federal Rules of Civil Procedure (referring to "short and plain" statement of claims) and Local Rule 3.01(a), which states that "[a] motion must include – in a single document no longer than twenty-five pages inclusive of all parts – a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules. Failure to do so in the future may result in the striking of noncompliant filings.

practice as a participating provider and unlawfully withheld payments for medical services. Plaintiff claims that Defendants terminated a contract because Plaintiff never administered COVID-SARS vaccines to minors and failed to therefore meet COVID-SARS vaccine rate benchmarks. According to Plaintiff, Defendants conducted a "sham hearing," which she apparently lost, without any opportunity to appeal. Plaintiff asserts that a termination date is set as October 26, 2025, but Sunshine Health has already reassigned more than 300 of Plaintiff's established patients to other providers as of October 4, 2025.

On October 12, 2025, Plaintiff filed the instant lawsuit, bringing claims for violation of 42 C.F.R. § 422.202(d) (Count I), "violation of common law right to a fair process" (Count II), unjust enrichment (Count III), civil fraud (Count IV), violation of § 641.3903, *F.S.* (Count V), breach of contract (Count VI), infringement of substantive property right without due process under § 1983 (Count VII), and violation of freedom of speech under the Florida Constitution (Count VIII). Plaintiff seeks a temporary restraining order and preliminary injunction to reinstate Plaintiff as a participating provider and prevent the reassignment of established patients.

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in a verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, *but that such injury is so imminent that notice and a*

*hearing on the application for preliminary injunction is impractical. See Martinez Serna v. Bailey Farms South, LLC*, No. 2:21-cv-237-SPC-MRM, 2021 WL 1060176, at *1-2 (M.D. Fla. Mar. 19, 2021) (emphasis added).

Plaintiff has failed to plead or demonstrate that notice and a hearing on the motion are impossible or impractical. Plaintiff asserts generally that it will suffer irreparable harm due to the reassignment of pediatric patients, but it provides no explanation or supporting evidence to show why formal notice should not be required here and an opportunity to be heard given to Defendants. Absent a showing of a true emergency, the Court is not able to address Plaintiff's allegations without input from Defendants.

Because Plaintiff has failed to meet the high burden for the issuance of a temporary restraining order, the "Motion for an Emergency Temporary Restraining Order and/or Temporary Injunction" (Doc. 2) must be denied. Although Plaintiff is not entitled to a temporary restraining order without notice, the Court may consider the motion for preliminary injunction on an expedited basis, but only after Defendants have been served with the complaint and the motion and given an opportunity to respond.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "Motion for an Emergency Temporary Restraining Order and/or Temporary Injunction" (Doc. 2) is hereby **DENIED** to the extent that Plaintiff seeks a temporary restraining order.

(2)     Plaintiff is directed to immediately serve on Defendants a copy of the summons, the complaint, the motion for temporary restraining order, and a copy of this Order.  *See* Local Rules 6.01; 6.02.

(3)     Plaintiff is directed to file proof of service promptly after service is effected.

(4)     Defendants are directed to file their responses to Plaintiff's motion within 7 days after service of the complaint, motion, and other papers.

(5)     Following service and an opportunity to respond, the Court may expeditiously set a hearing to address the request for preliminary injunction, if warranted.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th </u>day of October, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE