UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA MCLAUGHLIN, M.D. PA,

    Plaintiff,

v.                                                         Case No. 8:25-cv-2797-TPB-CPT

SUNSHINE STATE HEALTH PLAN, INC.,
and DWANNA G HILL,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff Diana McLaughlin, M.D., P.A.'s "Motion for an Emergency Temporary Restraining Order and/or Temporary Injunction," filed on October 12, 2025. (Doc. 2). The Court previously denied the motion to the extent it sought a temporary restraining order but deferred as to the request for a preliminary injunction. (Doc. 4). On November 3, 2025, Defendants Sunshine State Health Plan, Inc. and Dwanna G. Hill filed a response in opposition. (Doc. 17). Upon review of the motion, response, case file, and record, the Court finds as follows:

The 99-page, 464 paragraph verified complaint is unnecessarily long and somewhat confusing. In sum, Plaintiff alleges it is a professional association providing pediatric services in Collier County, Florida. Plaintiff alleges that Defendants Sunshine State Health Plan, Inc., and Dwanna G. Hill (identified as a "senior provider engagement manager") illegally terminated Dr. McLaughlin's practice as a participating provider and unlawfully withheld payments for medical services.

Plaintiff claims that Defendants terminated the provider agreement because Plaintiff did not administer COVID-SARS vaccines to minors and failed to therefore meet COVID-SARS vaccine rate benchmarks. According to Plaintiff, Defendants conducted a "sham hearing," which Plaintiff apparently lost, without any opportunity to appeal. Plaintiff asserts that a termination date was set as October 26, 2025, but Sunshine Health had already reassigned more than 300 of Plaintiff's established patients to other providers as of October 4, 2025.

On October 12, 2025, Plaintiff filed the instant lawsuit, bringing claims for violation of 42 C.F.R. § 422.202(d) (Count I), "violation of common law right to a fair process" (Count II), unjust enrichment (Count III), civil fraud (Count IV), violation of § 641.3903, *F.S.* (Count V), breach of contract (Count VI), infringement of substantive property right without due process under § 1983 (Count VII), and violation of freedom of speech under the Florida Constitution (Count VIII). Plaintiff seeks a preliminary injunction to reinstate Plaintiff as a participating provider and prevent the reassignment of established patients.

The Court notes that the contract itself provides for mandatory arbitration of claims and disputes. However, the contract also provides that equitable relief may be sought in a court, presumably to maintain the status quo until the parties are able to arbitrate. Therefore, the motion for preliminary injunction is properly before the Court.

To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief

would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020). "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

To succeed on its motion, Plaintiff must establish a substantial likelihood of success on the merits and irreparable injury. Although Plaintiff may believe that the contract was improperly terminated, based on the current record before the Court, Plaintiff has not shown a substantial likelihood of success on the merits as to any of its claims.[1] The plain language of the contract appears to indicate that Defendants could terminate the contract at any time, for any reason or no reason at all. Plaintiff has also failed to demonstrate irreparable harm, and it appears that most – if not all – of Plaintiff's claims provide for a remedy at law through monetary damages.

That being said, this Order should not be read to be predictive as to the ultimate validity of Plaintiff's claims. For now, all that can be said is that Plaintiff has not established a substantial likelihood of success on the merits and irreparable injury at this very early stage of this litigation. Once the facts and the applicable law have been more fully developed, that could change. But Plaintiff's claims must be

---

[1] It appears that many of Plaintiff's claims would fail as a matter of law. For instance, Count I alleges a violation of 42 C.F.R. § 422.202(d), which provides guidelines for the Medicare Advantage Program. But Plaintiff has not alleged that any of its patients are Medicare Advantage members; rather, Plaintiff's patients use Medicaid, a different federal program. It is also difficult to see how Plaintiff will be able to establish a § 1983 claim when Defendants do not appear to be state actors.

decided by an arbitrator pursuant to an arbitration agreement between the parties.[2] The motion for a preliminary injunction is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 19th day of November, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[2] This determination is the subject of a separate order on Defendants' motion to compel arbitration (Doc. 15), which is entered contemporaneously with this Order.