UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA MCLAUGHLIN, M.D. PA,

    Plaintiff,

v.                                               Case No. 8:25-cv-2797-TPB-CPT

SUNSHINE STATE HEALTH PLAN, INC.,
and DWANNA G HILL,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S "MOTION TO CERTIFY INTERLOCUTORY APPEAL OF MOTION TO COMPEL ARBITRATION; MOTION TO RE-OPEN CASE AND MOTION TO STAY ALL PROCEEDINGS DURING APPEAL OF PRELIMINARY INJUNCTION" AND "NOTICE OF APPEAL AND MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL"**

    This matter is before the Court on Plaintiff's "Motion to Certify Interlocutory Appeal of Motion to Compel Arbitration; Motion to Re-Open Case and Motion to Stay All Proceedings During Appeal of Preliminary Injunction" (Doc. 38) and "Notice of Appeal and Motion to Certify for Interlocutory Appeal" (Doc. 40). Upon review of the motions, case file, and record, the Court finds as follows:

    First, considering Plaintiff's "Motion to Certify Interlocutory Appeal of Motion to Compel Arbitration; Motion to Re-Open Case and Motion to Stay All Proceedings during Appeal of Preliminary Injunction," the Court notes that because this case is closed, there is no need to stay the proceedings. Additionally, Plaintiff fails to provide any basis to reopen the case during the pendency of an appeal, and a

stay pending appeal would require the closure of the case rather than a reopening of the case.  Plaintiff's motion is therefore denied.

As to Plaintiff's requests to certify interlocutory appeal of the Court's order compelling arbitration and order denying reconsideration based on evidence spoilage, federal jurisdiction of appeals generally requires a final judgment in the district court.  *See Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018).  However, there are some exceptions for certain interlocutory appeals.  *See* 28 U.S.C. § 1292; *McFarlin v. Canseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (recognizing 28 U.S.C. § 1292(b) as one of the statutory exceptions to the final judgment rule).  A district court may certify an interlocutory order only if the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"  *See* 28 U.S.C. § 1292(b); *McFarlin*, 381 F.3d at 1255.  Plaintiff has failed to meet its burden here, and the Court is not of the opinion that its Orders meet the statutory requirements for a permissive interlocutory appeal.  The Orders do not involve a "controlling question of law as to which there is substantial ground for difference of opinion."  In addition, an immediate appeal here would not "materially advance the ultimate termination of the litigation."  Interlocutory review is an extraordinary remedy, and it is not appropriate here.  *See U.S. v. One Parcel of Real Property*, 767 F.2d 1495, 1498 (11th Cir. 1985) (recognizing strong presumption against interlocutory appeals); *see also McFarlin*, 381 F.3d at 1265 (acknowledging that "the great bulk of

[appellate] review must be conducted after final judgment, with § 1292(b) interlocutory review being a rare exception."). Plaintiff's motion is therefore denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "Motion to Certify Interlocutory Appeal of Motion to Compel Arbitration; Motion to Re-Open Case and Motion to Stay All Proceedings During Appeal of Preliminary Injunction" (Doc. 38) and "Notice of Appeal and Motion to Certify for Interlocutory Appeal" (Doc. 40) are denied.

(2) This case remains closed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of January, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE